

**The Rosen Law Firm**
INVESTOR COUNSEL

Jonathan Horne
jhorne@rosenlegal.com

October 29, 2015

**BY CM/ECF**

The Hon. Richard M. Berman
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Courtroom 17B
New York, NY 10007

**MEMO ENDORSED**
*p. 3*

Re: *Wang v. China Finance Online Co. Ltd.*, et al., 1:15-CV-7894-RMB

Dear Judge Berman:

We represent court-appointed Lead Plaintiffs Jihong Wang, Qi Li, and Les Akio Omori ("Plaintiffs"), in the above-referenced securities class action. We write to request a pre-motion conference seeking leave to file a motion seeking an order (a) permitting service of the Individual Defendants through Plaintiffs' mailing, by registered mail, the Complaint and Summons to Defendant China Finance Online Co. Ltd. ("China Finance") and China Finance's counsel, Proskauer Rose LLP, or (b) compelling China Finance to provide and/or confirm service addresses for each of the Individual Defendants.

***Plaintiffs' efforts to serve the Individual Defendants.***

This is a securities class action against, among others, China Finance and certain of its officers and directors – Zhiwei Zhao ("Zhao"), its CEO, Jun Wang ("Wang"), its CFO, Rongquan Leng ("Leng"), a former director, and Neo Chee Beng ("Beng") and Kheng Nam Lee ("Lee"), two current directors who are also members of China Finance's audit committee (collectively, the "China Finance Defendants"). Plaintiffs' investigation suggests that Zhao, Wang, and Leng reside in China, and that Beng and Lee reside in Singapore.

Plaintiffs have sent two waiver of service packages addressed to each of the China Finance Defendants, one of which was care of China Finance's counsel, Proskauer, and another of which was care of China Finance itself. Proskauer has not responded to Plaintiffs' waiver packages, and China Finance first signed for and then returned the packages that were mailed to it. Plaintiffs have also sent waiver of service packages to each of Beng and Lee at what they believe may be their addresses.

Plaintiffs have attempted to obtain service addresses for each of the Individual Defendants. They have obtained business addresses for Zhao and Wang, as well as a residential

1

address for Zhao. Plaintiffs have not located Wang's residential address. Plaintiffs have obtained numerous addresses for persons who might be Beng and Lee in both Singapore and Hong Kong. And Plaintiffs believe that Lee, while he resides in China, is either imprisoned or soon will be.

Plaintiffs have requested that China Finance provide service addresses for the Individual Defendants. China Finance has refused Plaintiffs' request.

China is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matter (the "Hague Convention"), but does not permit service by mail. Rather, to serve process in China, pursuant to the a plaintiff must submit a translated complaint and summons to the Chinese Ministry of Justice, coupled with the appropriate forms. The Chinese Ministry of Justice then serves the documents, and returns a completed proof of service to the plaintiff. See generally U.S. Department of State, International Judicial Assistance: China.[1] Then, between six months to a year later, the Chinese Ministry of Justice will return the papers, indicating either that the defendant was served, or that the defendant was not served. An accurate address does not guarantee success.[2] Plaintiffs have submitted the relevant documents to serve Wang and Zhao, but the Chinese Ministry of Justice has not yet served them.

Singapore is not a signatory to the Hague Convention. Plaintiffs believe that service of process in Singapore must be attempted in the first instance by personal delivery.

### *The Court should permit Plaintiffs to serve the Individual Defendants through China Finance and China Finance's counsel*

Federal Rule of Civil Procedure 4(f)(3) provides for court-directed service of process. "As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). In securities class actions against Chinese companies, where a company has appeared but its officers and directors have not, courts regularly authorize service of process on the officers and directors by registered mail upon the company and its lawyers.[3] Indeed, as to Zhao and Wang (who are in China), service through China Finance's lawyers is "just as reliable, if not more so", than service through the Hague Convention, or through conventional means in Singapore. *Stream SICAV*, 989 F. Supp. 2d at 280.

### *The Court should order China Finance to provide the Individual Defendants' current residential addresses*

Because discovery in this action is stayed, dkt. # 67, Plaintiffs cannot serve interrogatories on China Finance seeking the Individual Defendants' service addresses. All of the Individual Defendants are current officers or directors of China Finance. China Finance plainly has their residential addresses.

---

[1] Available at <http://travel.state.gov/content/travel/en/legal-considerations/judicial/country/china.html>.

[2] The Securities and Exchange Commission has reported that between January 2012 and November 2014, it submitted 70 requests for service from the Chinese Ministry of Justice, only 16 of which were successful. *Securities and Exchange Commission v. Ming Zhao et al*, 12-cv-1316-DLC-HBP, dkt. # 50, at ¶4 (S.D.N.Y. Nov. 7, 2014).

[3] *See, e.g., In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012); *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013).

Case 1:15-cv-07894-RMB   Document 74   Filed 12/22/15   Page 3 of 3

- *Wang*: In Plaintiffs' counsel's experience,[4] Chinese authorities have little success serving defendants at their business addresses. To have a realistic chance to serve Wang, Plaintiffs will need a current residential address.
- *Zhao*: Plaintiffs believe they have Zhao's address. But Plaintiffs may be wrong, and to avoid delaying this suit, China Finance should be required to confirm Zhao's address.
- *Beng and Lee*: Plaintiffs have not been able to narrow the list of possible addresses for Beng and Lee Plaintiffs have obtained several quotes for process servers in Singapore, hoping to serve Beng and Lee. No process server was willing to quote Plaintiffs a price of less than $1,000 per attempt per address. Plaintiffs have spoken with a private investigator to see if they could determine Beng and Lee's personal residential addresses, but the private investigator said he needed Beng and Lee's Singaporean Personal Identification Number, which Plaintiffs cannot obtain. As fiduciaries, Plaintiffs should not be required to spend thousands or even tens of thousands of dollars of the Class's money to obtain information China Finance plainly already has but is denying to provide to Plaintiffs to frustrate service of process.

Accordingly, the Court should either (a) permit alternate service under Federal Rule of Civil Procedure 4(f)(3) or (b) order China Finance to provide service addresses.

Respectfully submitted,
/s/ Jonathan Horne

cc: All counsel of record (by CM/ECF)

> Pre-Motion Conference
>
> scheduled for
>
> 1/13/16 @ 10:00
>
> SO ORDERED:
> Date: 12/22/15   Richard M. Berman
> Richard M. Berman, U.S.D.J.

---

[4] Plaintiffs' counsel has extensive experience prosecuting securities actions against companies located in China. *See Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 540 (S.D.N.Y. 2015).

3