

Proskauer Rose LLP   1001 Pennsylvania Avenue, NW Suite 600 South   Washington, DC 20004-2533

January 4, 2016

**VIA ECF AND HAND DELIVERY**

The Honorable Richard Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re:    *Wang, et al. v. China Finance Online Co. Ltd., et al.*, 15-cv-7894-RMB (S.D.N.Y.)

Dear Judge Berman:

     In a letter submitted to the Court on December 22, 2015, Plaintiffs asked to file a motion seeking an order compelling CFO to provide residential addresses for defendants Neo Chee Beng, Kheng Nam Lee and Rongquan Leng for the purposes of providing these individuals with service of process through relevant international procedures.[1]  For the reasons set out below, CFO opposes Plaintiffs' request to file a motion to compel CFO to provide such addresses[2] because the request is unjustified.

     First, as Plaintiffs have acknowledged [Dec. 12, 2015 letter (Dkt. # 74) at 2 (citing Dkt # 67)], there is currently a stay in place in this case as to all discovery.

---

[1]  In their letter, Plaintiffs also sought to file a motion (*i*) permitting alternative service under Fed. R. Civ. P. 4(f)(3) on defendants Zhiwei Zhao and Jun Wang by serving process by registered mail on China Finance Online Co. Ltd. ("CFO") and its counsel or (*ii*) compelling CFO to provide and/or confirm service addresses for these two individuals.  CFO has resolved this request by agreeing to provide Plaintiffs (subject to an appropriate confidentiality agreement) the residential addresses for Mr. Zhao and Mr. Wang and thus there is no need for the Court to address this issue.  Plaintiffs have reserved the right to seek alternative service in the future if they are unable to effect service through the Hague Convention.

[2]  CFO is responding on its own behalf (and not on behalf of these individual defendants who are not currently before the Court and who are not represented by CFO or its counsel) because Plaintiffs are seeking to have an order entered against CFO itself compelling CFO to provide the requested addresses to Plaintiffs.

January 4, 2016
Page 2

Second, as Plaintiffs acknowledged in their December 30, 2015 supplemental letter [Dkt. #80], Mr. Beng, Mr. Lee and Mr. Leng are former directors of CFO and are no longer affiliated with the Company.

Third, it would not be appropriate under general principals of privacy for CFO to provide the personal residential addresses for these three individuals without obtaining their consent to do so. None of these individuals has consented to CFO providing their addresses to Plaintiffs.

Fourth, Plaintiffs acknowledge that they have several possible residential addresses for Mr. Beng and Mr. Lee, but state that they have been unable to identify which addresses should be used. They argue that, because it will cost them at least $1,000 per attempt per address, CFO should be compelled to provide the addresses for these two individuals. This cost – the total of which is not even provided – does not justify the order that Plaintiffs seek. *Cf. Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106 (S.D.N.Y. 2010) (denying motion for alternate service despite plaintiffs' claim that service through letters rogatory would be prohibitively expensive).

Fifth, Plaintiffs have not described any effort to find an appropriate address for Mr. Leng.

\* \* \* \*

For the reasons set out above, CFO respectfully requests that the Court deny Plaintiffs' request to file a motion seeking to compel CFO to provide Plaintiffs' with residential addresses for Mr. Beng, Mr. Lee and Mr. Leng.

                                                        Respectfully submitted,

                                                        /s/ Ann M. Ashton_____
                                                        Ann M. Ashton

cc: All counsel of record (by ECF)